NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL WEST,

   Plaintiff,

v.

BUREAU OF PRISONS, et al.,

   Defendants.

Civil Action No. 19-18687 (MAS) (TJB)

OPINION

**SHIPP, District Judge**

 *Pro se* Plaintiff Michael West is proceeding *in forma pauperis* with a civil rights Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] (Compl., ECF No. 1.) Because the Complaint names United States District Judge Claire C. Cecchi as a defendant, the Court will screen the claims against Judge Cecchi pursuant to Local Civil Rule 40.1(g) to determine if "the suit is patently frivolous, or judicial immunity plainly applies." The Court will review Plaintiff's other claims pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the claims against Judge Cecchi will be dismissed with prejudice and the remaining claims will be dismissed without prejudice.

---

[1] This matter was previously assigned to the Honorable Kevin McNulty, U.S.D.J., who granted Plaintiff's application to proceed *in forma pauperis*. (*See* Mem. & Order, ECF No. 2.) The matter was thereafter reassigned to the undersigned. (*See* Text Order, ECF No. 3.)

I.  **BACKGROUND**

On or about October 3, 2019, Plaintiff filed the instant Complaint against the Bureau of Prisons; the United States Marshals; Geo Group at Toler House; FCI Fort Dix; Kevin P. Matthews, Special Agent; Adam Nelson Subveri, Assistant United States Attorney; Carol Gillen, Assistant Federal Public Defender; and Claire C. Cecchi, United States District Judge. (Compl. 1–2.) Plaintiff does not indicate what federal constitutional, statutory, or treaty right was violated by Defendants and instead states that the basis for federal jurisdiction is Judge Cecchi's statement in a judicial opinion that "federal prosecutors has [sic] no authority to remove a . . . state criminal matter to federal court and that the state dismissed [the] state charges." (*Id.* at 2.)

While difficult to decipher, the factual allegations of the Complaint indicate that Plaintiff's claims arise from a 2010 arrest and criminal proceeding that resulted in Plaintiff's conviction of two counts of possession of child pornography. (*See id.* at 3); *see generally United States v. West*, Crim. No. 12-332 (D.N.J.).[2] Specifically, Plaintiff alleges that he was arrested by Special Agent Matthews on October 22, 2010 for possession of obscene materials in response to an investigation report from the New Jersey Division of Youth and Family Services. (Compl. 3.) Plaintiff contends that this arrest was conducted without a warrant. (*Id.*) Following Plaintiff's arrest, on October 22, 2010, the undersigned, then a magistrate judge in this District, held a preliminary bond hearing and entered a detention order remanpding Plaintiff to the custody of the United States Marshal. (*See id.*); *see also West*, Crim. No. 12-332, ECF No. 6.

---

[2] The Court may take judicial notice of Plaintiff's criminal proceedings in connection with its screening under § 1915(e)(2)(B). *See Cline v. Special Treatment Unit*, Civ. No. 13-5234, 2014 WL 1340026, at *2 n.2 (D.N.J. Mar. 31, 2014) (citing *S. Cross. Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.")); *see also O'Boyle v. Braverman*, 337 F. App'x 162, 164 (3d Cir. 2009).

2

From the documents attached to the Complaint, it appears that Plaintiff was detained at Hudson County Correctional Center from the date of his arrest until November 29, 2010, at which time he was transferred to a halfway house. (Compl. 3, 6, 13.) Nevertheless, Plaintiff claims that he has "been in custody [for] over nine years due [to] the constructive amending of the federal detainer for custody into a criminal offense filed on 10/22/2010, to impose [a] 95 month imprisonment term." (*Id.* at 4.) Plaintiff additionally appears to claim that the records maintained by the U.S. Marshal regarding his detention are incorrect. Namely, Plaintiff alleges that records of his detention in county jail identify him as a black male, whereas records of his federal sentence identify him as a white male. (*See id.* at 3.)[3]

In addition to challenging his arrest and detention, Plaintiff claims that he was never advised of his right to a speedy trial under 18 U.S.C. § 3161 by either Subveri, the Assistant United States Attorney who prosecuted the criminal case, or by Gillen, Plaintiff's assigned Federal Public Defender. (*Id.*) Moreover, the Court construes the Complaint to assert a claim for malicious prosecution based on Plaintiff request that his conviction be expunged as it is based on "false

---

[3] It is unclear from the Complaint, however, how any alleged error in the U.S. Marshal's records would violate any of Plaintiff's constitutional rights or, critically, how such error is legally actionable in any way. To the extent this error is the basis for a legal claim, it is untimely brought. Like claims pursuant to section 1983, "[a] *Bivens* claim is 'characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *DePack v. Gilroy*, 764 F. App'x 249, 251 (3d Cir. 2019) (quoting *Dique v. N.J. State. Police*, 603 F.3d 181, 185 (3d Cir. 2010)). Because Plaintiff's claims arose in the State of New Jersey, New Jersey's two-year statute of limitations for personal injury actions applies here. N.J. Stat. Ann. § 2A:14-2; *see also DePack*, 764 F. App'x at 251. While state law governs the length of the limitations period, "[f]ederal law governs a cause of action's accrual date." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Generally, a *Bivens* claim accrues "when the plaintiff knew or should have known of the injury on which the claim is based." *DePack*, 764 F. App'x at 251. Here, Plaintiff states that he discovered the alleged error on January 30, 2014, more than five years before he filed the instant Complaint. (*See* Compl. 3.) Therefore, to the extent Plaintiff seeks legal relief related to the inconsistent profiles in the U.S. Marshals database, the claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

3

alleged claims." (*Id.* at 4.)[4]

Finally, it appears that Plaintiff seeks to challenge a ruling made by Judge Cecchi regarding the authority of federal prosecutors to remove a state criminal matter to federal court. (Compl. 2–3.) This ruling was made with respect to a motion to amend judgment filed in his criminal matter. *See West*, Crim. No. 12-332, ECF No. 80 (entered May 1, 2018).

## I. STANDARDS OF REVIEW

### a. Local Rule 40.1(g)

This matter is before the Court pursuant to Local Civil Rule 40.1(g) because Plaintiff names a District Court judge as a defendant. Local Civil Rule 40.1(g) provides that in any case in which a judge is named as a defendant, the case "shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station." L. Civ. R. 40.1(g). Local Civil Rule 40.1(g) further provides that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse." *Id.* However, if the matter is frivolous or judicial immunity is not plainly applicable, "the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside of the District of New Jersey." *Id.*

### b. The Prison Litigation Reform Act

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief

---

[4] In Plaintiff's prayer for relief, he seeks monetary compensation from each Defendant, expungement of his conviction, and sanctions against the Defendants "for committing perjury, obstruct[ing] justice, . . . witness tampering[, and] manipulating official records." (Compl. 4.)

4

against a defendant who is immune from suit. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

c. *Bivens* Claims

The Court construes the Complaint to assert claims of alleged violations of Plaintiff's constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as all named Defendants are agencies, officers, or employees of

5

the federal government. In *Bivens*, the Supreme Court created an implied cause of action for violations of a person's Fourth Amendment rights by federal officers. *Id.* at 397. The Supreme Court has extended *Bivens* in two other instances: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that prisoner's estate had a *Bivens* remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1847, 1855 (2017).[5] In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

## II. **DISCUSSION**

### a. **Claims Against Judge Cecchi**

While Plaintiff's allegations against Judge Cecchi are vague, it is apparent that he seeks to challenge a May 10, 2018 opinion which denied his motion to amend his criminal judgment and further denied a certificate of appealability. (*See* Compl. 2–3); *see also West*, Crim. No. 12-332, ECF No. 80. It appears from the Complaint that Plaintiff seeks both monetary damages and

---

[5] In *Ziglar*, the Supreme Court made clear "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857. Thus, when presented with a *Bivens* case, courts must first determine whether the case presents a new *Bivens* context, and if it does, "the second step is to conduct the special factors analysis to determine whether Congress or the courts should decide whether a damages action should be allowed." *Stile v. United States*, Civ. No. 16-3832, 2019 WL 287072, at *3 (D.N.J. Jan. 22, 2019) (citing *Ziglar*, 137 S. Ct. at 1859, 1865). Because the Court will dismiss Plaintiff's claims on other grounds, it need not determine whether Plaintiff's claims present a new *Bivens* context at this time.

injunctive relief against Judge Cecchi. (*See* Compl. 4.).

It is well-established that judges are immune from suit "for monetary damages arising from their judicial acts." *See Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000); *see also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *Reardon v. Hillman*, Civ. No. 18-1296, 2018 WL 1665700, at *2 (D.N.J. Apr. 6, 2018) ("Because *Bivens* is the federal analogue to an action under 42 U.S.C. § 1983, the doctrine of judicial immunity also applies to such causes of actions."). Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Supreme Court has, however, identified two exceptions to this rule. "First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Plaintiff's allegations against Judge Cecchi relate only to judicial acts taken in her capacity as a United States District Court Judge. Plaintiff has not pleaded any facts that would indicate that Judge Cecchi's actions in presiding over his criminal proceeding or denying his motion to amend judgment were taken in the absence of jurisdiction. Accordingly, Plaintiff's claims for monetary damages against Judge Cecchi will be dismissed with prejudice.

Judge Cecchi is similarly entitled to judicial immunity with respect to Plaintiff's request for injunctive relief, *i.e.*, his request that his conviction be overturned. In 1996, Congress amended § 1983 to state that "in any action brought against a judicial officer for an act or omission taken in

such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Azubuko*, 443 F.3d at 304. This provision of § 1983 applies to both state and federal judges. *Azubuko*, 443 F.3d at 304 (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). Because Plaintiff's claims relate solely to actions taken in Judge Cecchi's capacity as a judicial officer, and he has failed to show that those actions violated a declaratory decree or that declaratory relief is unavailable, his claim for injunctive relief against Judge Cecchi is also barred by the doctrine of judicial immunity.

Accordingly, because Judge Cecchi is entitled to absolute judicial immunity, all claims against her will be dismissed with prejudice.

### b. Claims Against the Bureau of Prisons, Geo Group at Toler House, and FCI Fort Dix

Plaintiff's claims against the Bureau of Prisons, Geo Group at Toler House, and FCI Fort Dix will be dismissed for failure to comply with the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, while a plaintiff is not required to plead specific facts, the statement of facts in the complaint must "give the defendant notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

The Complaint fails to assert any cognizable claim against the Bureau of Prisons, Geo Group at Toler House, or FCI Fort Dix. While Plaintiff includes these parties in the caption of this matter, he fails to make any factual allegations in the Complaint which directly implicates them. (*See* Compl. 1–4.) Even under the most liberal construction of the Complaint, the only factual allegation that would seemingly implicate these Defendants is Plaintiff's claim that he has "over

8

served" his criminal sentence by 855 days. (*See* Compl. 4.) It is possible that this allegation, which relates to the implementation of Plaintiff's federal sentence, could be the basis of a claim against the Bureau of Prisons, in whose custody Plaintiff remains,[6] or FCI Fort Dix, the prison where he served his custodial sentence. Nevertheless, Plaintiff fails to identify what either of these Defendants did to violate his rights, *i.e.*, how they are responsible for him overserving his sentence. As such, Plaintiff has failed to show "some nexus between [these defendants] and the alleged misconduct." *See Rhett v. Salas*, Civ. No. 19-1005, 2019 WL 2337445, at *4 (D.N.J. June 3, 2019). Accordingly, the claims against the Bureau of Prisons, Geo Group at Toler House, and FCI Fort Dix will be dismissed without prejudice.

### c. Claims Related to Plaintiff's Criminal Proceeding and Sentence

Plaintiff's remaining claims all appear to relate to his 2010 criminal proceeding. The Court construes the Complaint to specifically raise three claims related to the 2010 proceeding: (1) false arrest, (2) violation of the Speedy Trial Act, and (3) malicious prosecution. As these claims implicate Plaintiff's conviction and sentence, they are barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

"In *Heck*, the Supreme Court held that a § 1983 suit should be dismissed when a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (quoting *Heck*, 512 U.S. at 487). While *Heck* involved a § 1983 action against state officials, its reasoning "has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam) (citing *Williams v. Hill*, 74 F.3d 1339, 1341 (D.C. Cir. 1996) (per curiam)). To determine whether *Heck*

---

[6] It appears that Plaintiff is currently in a residential reentry program. (*See* Compl. 17.)

applies, a court must conduct a "careful review of the elements of the admitted offense juxtaposed with the plaintiff's factual allegations to determine if a verdict in plaintiff's favor would . . . 'necessarily imply the invalidity of [the] conviction.'" *Garrison v. Porch*, Civ. No. 04-1114, 2008 WL 1744730, at *3 (D.N.J. Apr. 11, 2008) (quoting *Dyer v. Lee*, 488 F.3d 876, 879 (11th Cir. 2007)); *see also Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015)).

Plaintiff's claim that he was arrested without a warrant necessarily impugns the validity of his guilty plea on the charges because implicit in Plaintiff's claim is the assertion that law enforcement lacked probable cause to arrest him. *See Greene v. Perez*, Civ. No. 13-5493, 2016 WL 3063865, at *2 (D.N.J. May 31, 2016) (finding that *Heck* barred false arrest claim where they were "premised on the theory that [the plaintiff] did not commit the crimes that landed him in prison"); *see also Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012). Indeed, Plaintiff appears to maintain that his conviction, and correspondingly his arrest, were based on false information. Thus, if this Court were to determine that Plaintiff was falsely arrested, the validity of his conviction would be called into question.[7]

Plaintiff's speedy trial claim is similarly barred by *Heck* because the only remedy for a speedy trial violation is "dismissal of the charges." *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016); *see also Nash v. Kenney*, ___ F. App'x ___, 2019 WL 4071946, at *2 (3d Cir. Aug., 29,

---

[7] The Court is cognizant that there are certain instances in which a false arrest claim is not barred by *Heck*. The Third Circuit has explained "[b]ecause a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest," a claim of false arrest, standing alone, may not "necessarily implicate the validity of a conviction or sentence." *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998). To the extent that Plaintiff's false arrest claim is not barred by *Heck*, however, it must be dismissed as untimely. A two-year statute of limitations applies to claims brought pursuant to § 1983, *Kach*, 589 F.3d at 634, and false arrest claims accrue on the day that a plaintiff was arrested, *see Singleton v. DA Phila.*, 411 F. App'x 470, 472 (3d Cir. 2011). Here, Plaintiff was arrested in October 2010, nearly nine years before this action was initiated. Therefore, even if Plaintiff's false arrest claim is not barred by *Heck*, it is time-barred.

2019) (finding that speedy trial claim was barred by *Heck*). Finally, Plaintiff's claim for malicious prosecution will also be dismissed pursuant to *Heck* because to succeed on such a claim Plaintiff must "prove the unlawfulness of his conviction or confinement." *Heck*, 512 U.S. at 486; *see also Strunk v. E. Coventry Twp. Police Dep't*, 674 F. App'x 221, 223–24 (3d Cir. 2016) (determining that *Heck* bar applied to malicious claim where plaintiff's conviction had not been invalidated). For these reasons, the remainder of the Complaint will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Judge Cecchi are DISMISSED WITH PREJUDICE and Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE. An appropriate Order follows.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

11